CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
AUG 29 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JO-EL JOHNSON TRENT,<br>Plaintiff, | ) | Civil Action No. 7:13-cv-00444 |
| v. | ) | **MEMORANDUM OPINION** |
| C/O STAFFORD, et al.,<br>Defendants. | ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Jo-El Johnson Trent, a Virginia inmate proceeding pro se, filed a verified Complaint, pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff names as defendants: former Wallens Ridge State Prison ("WRSP") Correctional Officers ("C/Os") Gary Stafford, Brandon Woodard, Mark Fannon, and David Greer; current WRSP C/O Randy Phillips; and Red Onion State Prison ("ROSP") Inmate Hearings Officer ("IHO") Misty Counts. Plaintiff requests declaratory and equitable relief and damages against Defendants in their individual and official capacities. Presently before me is IHO Counts and C/O Phillips' motion for summary judgment, to which Plaintiff responded.[1] After reviewing the record, I grant the motion for summary judgment in part for the claim against IHO Counts and deny it in part for the claim against C/O Phillips.

I.
A.

Plaintiff alleges the following facts in the verified Complaint about his incarceration at WRSP. An extraction team of C/Os was called to Plaintiff's cell on March 27, 2013. Lt. Greer[2] ordered Plaintiff to back up to the tray slot on the cell door so staff could apply handcuffs.

---

[1] Defendants Greer and Fannon filed motions and objections to Plaintiff's responses because they believe Plaintiff is attempting to amend the Complaint's ad damnum clause and alleged facts. I note that Plaintiff cannot rely on responses to motions for summary judgment to amend the Complaint. See Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009) (noting that a plaintiff may not amend a complaint through argument in a brief opposing summary judgment); Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (same); see also Faretta v. California, 422 U.S. 806, 834 n.46 (1975) (explaining that self-representation is not a license to ignore relevant rules of procedural and substantive law); cf. Fed. R. Civ. P. 15, 56. Consequently, Greer's and Fannon's motions and objections are granted to the extent Plaintiff may not amend the Complaint via responses to motions for summary judgment.

Plaintiff complied and backed up to the door, but Lt. Greer refused to open the tray slot. Despite being compliant and not combative, Sgt. Fannon sprayed Oleoresin Capsicum ("OC") spray[3] inside Plaintiff's cell, and the extraction team immediately entered the cell. Plaintiff was "attempting to surrender" when:

> [C/O] Phillips took Plaintiff to the ground and started to repeatedly punch Plaintiff in the face. [C/O] Woodard then started to punch and kick the Plaintiff. After Plaintiff was picked up off the floor, [Lt.] Greer bit Plaintiff on the right ear. Plaintiff was placed on the bed where [Lt.] Greer struck Plaintiff 2 to 3 times in the nose with his fist. Plaintiff was rolled on to Plaintiff's back where [Lt.] Greer and other defendants attempted to kick the Plaintiff in the genitals. Plaintiff was then strapped down in 5-point restraints[4] . . . and was refused bathroom breaks and denied food.

(Compl. 3.) Plaintiff argues that C/O Phillips inflicted cruel and unusual punishment, in violation of the Eighth Amendment, by using excessive force. In contrast, C/O Phillips avers he had no involvement with the cell extraction and was working in a different part of WRSP during the incident.

### B.

Later that same day, Plaintiff was transferred to ROSP where he received institutional charges for spitting on another person, disobeying an order, and simple assault on a non-offender for events related to the cell extraction. IHO Counts found Plaintiff guilty of the charges because Plaintiff did not attend the disciplinary hearings and the evidence in the record supported finding him guilty. Plaintiff avers that he was not present at the hearings "due to no fault of his own," but IHO Counts avers that he was informed that Plaintiff had refused to appear for both

---

[2] I use the titles that Defendants had during the incident.
[3] OC spray is a chemical agent similar to what is commonly known as pepper spray or mace and irritates a person's eyes, throat, and nose. See, e.g., Park v. Shiflett, 250 F.3d 843, 849 (describing the physiological effects of OC spray).
[4] "Five-point restraints" secure an inmate face-up on a bed by strapping the chest and each arm and leg to the bed.

disciplinary hearings. Plaintiff was penalized with thirty-days' segregation for simple assault and spitting and with a $5.00 fine for disobeying an order. Plaintiff presently argues that IHO Counts violated due process by convicting Plaintiff in abstentia.[5]

## II.

C/O Phillips and IHO Counts filed a motion for summary judgment, arguing that they are entitled to qualified immunity. Qualified immunity permits "government officials performing discretionary functions . . . [to be] shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[6] Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Once a defendant raises the qualified immunity defense, a plaintiff bears the burden to show that a defendant's conduct violated the plaintiff's right. Bryant v. Muth, 994 F.2d 1082, 1086 (4th Cir. 1993).

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); see Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (recognizing a party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant). "Material facts" are those facts necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

---

[5] Notably, Plaintiff does not deny receiving IHO Counts' written explanations about the decisions and how to appeal.

[6] Qualified immunity also gives officials a right to avoid the burdens of discovery. Holland ex rel. Overdorff v. Harrington, 268 F.3d 1179, 1185 (10th Cir. 2001) (citing Behrens v. Pelletier, 516 U.S. 299, 308 (1996)). Thus, the initial determination that qualified immunity will not apply must be made before discovery is permitted. See id. Accordingly, Plaintiff's motion for discovery must be denied at this time. I also deny Plaintiff's motion asking me to compel two non-defendants to file affidavits because Plaintiff does not presently establish any need for a court order. Cf. Fed. R. Civ. P. 31. I further note that Plaintiff is not relieved from paying fees and costs from for subpoenas merely because he is proceeding in forma pauperis. See, e.g., Douglas v. McCarty, 87 F. App'x 299, 302 (4th Cir. 2003).

3

(1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine issue of fact for trial. Id. at 322-23. A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995); Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

## III.

A prisoner alleging excessive force in violation of the Eighth Amendment must show that a defendant "inflicted unnecessary and wanton pain and suffering." Whitley v. Albers, 475 U.S. 312, 320 (1986); see Wilson v. Seiter, 501 U.S. 294, 298 (1991) (holding that an Eighth Amendment claim for excessive force requires an objective deprivation of a basic human need and that prison officials subjectively acted with a sufficiently culpable state of mind). Therefore, the proper inquiry is whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21. The subjective component encompasses such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates reasonably

4

perceived by responsible officials, and any efforts made to temper the severity of a forceful response. Id. at 321. "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid [Eighth Amendment] excessive force claim." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

Based on Plaintiff's verified complaint and C/O Phillips' affidavit, both of which assert facts based on personal knowledge, I must deny summary judgment for the Eighth Amendment claim against C/O Phillips due to a dispute of material fact. Plaintiff avers that he was compliant and surrendering when C/O Phillips entered Plaintiff's cell, knocked Plaintiff down to the concrete floor, and repeatedly punched Plaintiff in the face. Although Plaintiff does not describe any lasting injury from the alleged attack, the pain of being punched repeatedly in the face while lying on a concrete floor constitutes a constitutionally-significant infliction of unnecessary pain and suffering. See, e.g., Stanley v. Hejirika, 134 F.3d 629 (4th Cir. 1998) (recognizing that an inmate's injuries sustained while guards quelled a disturbance are constitutionally distinct from an inmate's injuries sustained from guards deliberately inflicting punishment due to a verbal argument). Pain gratuitously inflicted on a peaceful inmate, regardless of lasting physical injury, can be considered the objective injury. See Hudson v. McMillian, 503 U.S. 1, 13-14 (1992) ("The Court today appropriately puts to rest a seriously misguided view that pain inflicted by an excessive use of force is actionable under the Eighth Amendment only when coupled with 'significant injury,' e.g., injury that requires medical attention or leaves permanent marks. Indeed, were we to hold to the contrary, we might place various kinds of state-sponsored torture and abuse – of the kind ingeniously designed to cause pain but without a telltale 'significant injury' – entirely beyond the pale of the Constitution.") (Blackmun, J., concurring); see also Wilkins, 559 U.S. at 36 ("When prison officials maliciously and sadistically use force to cause

harm, . . . contemporary standards of decency always are violated . . . whether or not significant injury is evident."). However, if a trier of fact believes C/O Phillips' claim that he was working in a different part of WRSP and had no involvement with the incident, C/O Phillips would be entitled to qualified immunity and summary judgment. See Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979) (holding that summary judgment is not appropriate if the resolution of material issues depends upon credibility determinations). Accordingly, the dispute of material fact about C/O Phillips' involvement in the alleged attack precludes awarding qualified immunity or summary judgment.

## IV.

After reviewing the Fourteenth Amendment due process claim against IHO Counts, I find that IHO Counts is entitled to qualified immunity and summary judgment. The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property. Thus, Plaintiff must show that a defendant deprived him of a liberty or property interest to state a violation of due process. Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Sandin v. Conner, 515 U.S. 472, 486 (1995).

As a result of the institutional convictions, Plaintiff had $5.00 removed from his inmate trust account and served time in segregation. Confinement in disciplinary segregation does not exceed a criminal sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force or create an atypical or significant hardship in relation to the ordinary incidents of prison life. See, e.g., Sandin, supra; Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; long periods in the cell; no outside recreation; no educational or religious services; and less food was

not so atypical as to impose a significant hardship). Consequently, no deprivation of a liberty or property interest occurred with respect to the convictions for spitting and simple assault.

IHO Counts did not violate Plaintiff's right to due process before Plaintiff forfeited $5.00 for the conviction of disobeying an order. Due process for an institutional hearing resulting in the loss of a property interest requires that the inmate be given advance notice of the proceedings, the inmate has an opportunity to call witnesses and present evidence if not unduly hazardous to institutional safety or correctional goals, and a neutral fact finder gives the inmate a written statement describing both the evidence relied on and the reasons for any disciplinary penalty. Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974); see Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985) (holding substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence"). Inmates do not have a right to confrontation and cross-examination, and such procedures are wholly within the discretion of prison officials. Wolff, supra; Baxter v. Palmigiano, 425 U.S. 308, 322-23 (1976).

On April 1, 2013, Plaintiff received written notice of the hearing date for the charge of disobeying an order. Although given the opportunity, Plaintiff declined to request witnesses and documentary evidence to be present at the hearing. IHO Counts received a "refusal to appear" form from a correctional officer that stated Plaintiff declined to attend the hearing. Per policy, IHO Counts interpreted the fact that Plaintiff refused to attend as Plaintiff's admission of guilt. Furthermore, there was "some evidence" in the record that Plaintiff disobeyed a correctional officer's order for Plaintiff to put his wrists outside a tray slot, and IHO Counts issued a written explanation about the decision and how to appeal. Accordingly, IHO Counts did not violate due process and is entitled to qualified immunity and summary judgment.

7

## V.

Defendants proffer that a video recording of the cell extraction exists and that it completely refutes Plaintiff's version of events, and Plaintiff alleges that photographs were taken of his injuries. However, none of these items have yet been entered into the record. In order to reduce delay and expenses borne by the court and by the parties in this pro se prisoner case, C/O Phillips shall file a second motion for summary judgment, supported by affidavits with the video recording and photographs of Plaintiff's injuries, to address the merits of Plaintiff's excessive force claim. C/O Phillips shall provide Plaintiff the opportunity to review the video recording and certify the same before filing the second motion for summary judgment.

## VI.

For the foregoing reasons, I grant IHO Counts and C/O Phillips' motion for summary judgment in part for the claim against IHO Counts and deny it in part for the claim against C/O Phillips. C/O Phillips shall file a second motion for summary judgment, supported by affidavits with the relevant video recording and photographs of Plaintiff's injuries, that addresses the merits of Plaintiff's excessive force claim. C/O Phillips shall provide Plaintiff the opportunity to review the video recording and certify the same before filing the second motion for summary judgment. Also, Greer's and Fannon's motions and objections in response to Plaintiff's response to defendants' dispositive motions are granted to the extent Plaintiff may not amend the Complaint via responses to motions for summary judgment, and Plaintiff's motions for discovery and for subpoenas are **DENIED**.

ENTER: This ___ day of August, 2014.

Senior United States District Judge