CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKu

JAN 09 2015

JULIA C. DUDLEY, CLERK
BY: HMcDonaed
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JO-EL JOHNSON TRENT,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:13-cv-00444 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| C/O STAFFORD, et al.,<br>    Defendants. | ) <br> ) <br> ) | By:   Hon. Jackson L. Kiser<br>         Senior United States District Judge |

Presently before me is the supplemental motion for summary judgment filed by defendant Correctional Officer Phillips, the only remaining defendant. For the reasons stated herein, I grant Officer Phillips' supplemental motion for summary judgment.

Officer Phillips filed a supplemental motion for summary judgment, arguing that he was not present during Plaintiff's removal from the prison cell and, thus, could not have punched Plaintiff in the face as Plaintiff alleged. Officer Phillips attached affidavits and prison records establishing that he was working in a separate part of the prison during the cell extraction. The court issued a Roseboro[1] notice the next day, explaining to Plaintiff:

> The Court will give Plaintiff twenty-one (21) days from the date of this Notice to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding [Officer Phillip]'s evidence . . . . <u>If Plaintiff does not respond to [Officer Phillip]'s pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what [Officer Phillips] states in [his] responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion.</u> Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above.

ECF No. 112 (emphasis added).

---

[1] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

Plaintiff did not respond to Officer Phillips' supplemental motion for summary judgment.[2] In light of the evidence that Officer Phillips was not present during the cell extraction, the Roseboro notice, and Plaintiff's acquiescence to the evidence provided in support of the supplemental motion for summary judgment, I find that Officer Phillips' supplemental motion for summary judgment must be granted. See, e.g., Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (recognizing the failure to show a defendant's personal involvement is fatal to a § 1983 action).

**ENTER**: This 9th day of January, 2015.

                                                *[signature]*
                                          Senior United States District Judge

---

[2] The only documents Plaintiff filed with the court after Officer Phillips' supplemental motion for summary judgment were interrogatories that addressed the conduct of other defendants who were the correctional officers involved in the cell extraction and who have since been voluntarily dismissed from this action.

2